Rosso, Plaintiff and Appellant, *v.* Rosso, Defendant and Appellee.

Appeal from the District Court of Arecibo in an Action of Ejectment.

No. 1187.—Decided July 30, 1915.

Ejectment—Possession—Complaint.—In an action of ejectment it is absolutely necessary to allege and prove the possession of the property by the defendant and when there is no allegation in the complaint of such possession it is fatally defective.

Id.—Damages—Complaint.—When in a complaint in ejectment there is a prayer for damages which is subordinate to the principal prayer for the restitution of the property, if the latter prayer cannot prosper under the allegations of the complaint, the former prayer must fail.

Id.—Damages—Complaint.—In order that a prayer for damages may be sustained when the property cannot be restored the complaint must specify such property and give the reason for its non-existence and its value.

The facts are stated in the opinion.

*Messrs Rafael López Landrón* and *Juan Gregory* for the appellant.

*Mr. Félix Santoni* for the appellee.

Mr. Chief Justice Hernández delivered the opinion of the court.

This is an appeal by the plaintiff, Pedro Alfonso Rosso, from a judgment rendered by the District Court of Arecibo on July 30, 1914, dismissing the complaint with costs.

The complaint contains, in synopsis, the following allegations:

1. That the defendant Succession of Eduardo Rosso y Gil de Lamadrid is composed of his widow, Magdalena Goicuría, and of his adopted children, Pedro and María Rosso.

2. That during the year 1898 the plaintiff held two rural properties under lease from Eduardo Rosso, one at a place called Bacupey in the ward of Río Arriba of the municipal district of Arecibo, and the other known as El Jaguar in the same municipal district.

3. That as specified in the complaint, the plaintiff owned real and personal property, including cattle, in the said properties worth $6,947.

4. That about December 15, 1899, the lessor and lessee mutually rescinded the contract of lease, the two leased properties remaining in the possession of Eduardo Rosso y Gil de Lamadrid and his overseers or employees who assumed the care, custody and preservation of the property which the plaintiff had left on the said plantations.

5. That a few days later the plaintiff claimed his said property from Eduardo Rosso y Gil de Lamadrid, who refused to deliver the same to him and unlawfully, fraudulently and arbitrarily withheld the same on the pretext that the lessee, Pedro Alfonso Rosso, owed him an account current of a commercial character.

6. That since the rescission of the lease Eduardo Rosso y Gil de Lamadrid has been utilizing the said property and disposing of the same at his pleasure, knowing that it belonged to the lessee, and unlawfully detained the same as well as the price or value of the part sold, without any right of ownership, until his death in the year 1910.

7. That shortly after the rescission of the lease Eduardo Rosso y Gil de Lamadrid conveyed or transferred the property in question, including the right to use the steam engine which the lessee had erected and other immovables which he had installed on the Jaguar property.

8. That up to the time of the death of Eduardo Rosso y Gil de Lamadrid extrajudicial demands were made upon him by the plaintiff annually for the return of the property and proceeds without success.

9. That some time after the death of Eduardo Rosso y Gil de Lamadrid the plaintiff made a similar demand upon his widow and heiress, Magdalena Goicuría, receiving only evasive answers and excuses void of all legal reason.

The complaint concludes with the prayer that judgment be rendered against the succession of the deceased Eduardo

Rosso y Gil de Lamadrid, ordering the return and restitution of such of the property described in the complaint as it may still possess, with all the proceeds obtained or which could have been obtained, and payment in cash for all the property which cannot be returned in good condition, together with legal interest and the costs of the suit.

Magdalena Goicuría and Pedro Rosso demurred to the said complaint on the ground that it did not state facts sufficient to constitute a cause of action; that the right of action of the plaintiff, if any he had, had prescribed, and that according to sections 1856 and 1858 of the Civil Code the defendants had acquired the property sued for by prescription if the plaintiff ever had any right of ownership thereto.

The court rendered its decision on July 20, 1914, sustaining the three grounds of demurrer and entered judgment on the 30th of the same month dismissing the complaint with costs.

As stated, the plaintiff appealed from that judgment to this court and after examining the pleadings of the appellant and the appellee we are of the opinion that it should be affirmed on the ground that the facts alleged in the complaint do not constitute a cause of action.

The allegations of the plaintiff as to whether Eduardo Rosso y Gil de Lamadrid was in possession of the property now claimed from his succession until his death in 1910 or whether he relinquished such possession a short time after the rescission of the lease are contradictory. First, the plaintiff avers that Eduardo Rosso y Gil de Lamadrid withheld the property sued for and the value or price of what he had sold up to the time of his death in 1910 and later he says that Rosso y Gil de Lamadrid conveyed or transferred the said property a short time after the rescission of the contract of lease, without saying to whom he transferred it. As the complaint was not demurred to on the ground that it is ambiguous, unintelligible and uncertain, we must consider it as it is in order to determine whether the facts therein stated

constitute a cause of action.   We cannot give preference to
one part of it over another and must admit the contradic-
tion as presented.   Whether Eduardo Rosso y Gil de Lama-
drid did or did not possess the property in question up to
the time of his death depends upon the credence we give to
one allegation or the other.

But that fact need not influence the ruling on the demurrer
as to whether the facts constitute a cause of action, for what
we are really interested in ascertaining is whether the com-
plaint shows that the defendant succession is in possession
of the property claimed.   An action to recover property must
be brought against the person who possesses the subject-
matter of the litigation and who, therefore, is able to restore
the same.   In an action to recover property the defendant's
possession of the thing claimed must always be alleged and
proved, according to the settled jurisprudence of the Supreme
Court of Spain as well as of this court.

There is no allegation in the complaint which shows that
the succession of Eduardo Rosso y Gil de Lamadrid is in
possession of the property claimed, and for that reason the
complaint is fatally defective in so far as it seeks to recover
the specific property.

It is true that the complaint also prays for the return and
restitution in cash of so much of the property as cannot be
restored in good condition, but not for that reason can it be
said that the facts alleged in the complaint constitute a cause
of action for damages.   That prayer is subordinate to the
principal one referring to the return and restitution of the
property, and if the latter cannot prosper on the facts alleged
in the complaint neither can the former.   It is not expressly
alleged what part of the property claimed does not now exist,
nor the reason for its non-existence, nor the value thereof,
and these are indispensable elements for the determination
of whether the claim for damages can be sustained.

As the judgment is affirmed on the ground that the alle-
gations of the complaint do not constitute a cause of action,

it is unnecessary to consider the other two grounds of demurrer relative to prescription.

The judgment appealed from is

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.